**UNITED STATES of America,
Plaintiff,**

v.

**Eugene (Mike) PETERS, Defendant.**

No. 3–69–Commr–11.

United States District Court
D. Minnesota.

March 26, 1969.

Patrick J. Foley, U. S. Atty., and Neal Shapiro, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Kenneth A. Mitchell, Minneapolis, Minn., for defendant.

## MEMORANDUM IN CONNECTION WITH REMOVAL OF DEFENDANT TO THE WESTERN DISTRICT OF MISSOURI

DEVITT, Chief Judge.

This defendant was arrested in the District of Minnesota pursuant to an indictment and warrant from the Western District of Missouri. The indictment charges the defendant in 5 counts with passing counterfeit money, and in a sixth count with conspiracy to pass counterfeit money. The formation of the conspiracy charged in Count 6 took place in Minnesota, and the overt acts in connection with it were alleged to have taken place in both the District of Minnesota and the Western District of Missouri.

The United States Commissioner, Robert E. Chial of St. Paul, conducted a removal hearing on March 13, 1969 and has filed his detailed report and findings concluding that sufficient ground exists for ordering the removal of the defendant under Federal Rules of Criminal Procedure, Rule 40.

Defendant's counsel appealed to the District Court claiming that Commissioner Chial's findings were erroneous, that removal should be denied, and venue for the trial laid in the District of Minnesota because one of the Counts of the indictment charges an offense which took place in Minnesota.

It must be remembered that removal proceedings in the federal courts differ radically from extradition proceedings in the state courts.

The United States is a single country, there is no Constitutional requirement for a removal proceedings, and all that is involved in transporting an arrested person from one territorial subdivision to another. The history, purpose and proper procedure to be employed in removal proceedings is fully and succinctly set out in Professor Wright's new edition of Federal Practice and Procedure: Criminal § 651, et seq.

■ In this case the defendant is charged by indictment. In such case the only issue is as to the identity of the defendant. I am satisfied from reading Commissioner Chial's report that sufficient ground has been shown for the removal of the defendant, and in such case I am obligated to issue the warrant of removal to the Western District of Missouri. Criminal Rule 40(b) (3). See Wright's Federal Practice and Procedure: Criminal § 653 and cases there cited.

■ The defendant's counsel also urges that in a charge of conspiracy committed in Minnesota, venue lies in the District of Minnesota. But the statute on this is clear. 18 U.S.C.A. § 3237(a) provides that:

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

In construing this section it has been held that:

"A conspiracy may be prosecuted in the district where it was formed or in any district in which an overt act was committed in furtherance of its objects." Downing v. United States, 348 F.2d 594 (5th Cir. 1965).

The Supreme Court long ago held that a conspiracy may be prosecuted in any district where the overt acts were committed. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912).

I am satisfied that the crime properly may be charged and tried in the Western District of Missouri.

An order has been filed directing defendant, now on bond, to appear before the United States District Judge at St. Joseph in the Western District of Missouri.